AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

| | | |
|---|---|---|
| PHARMACY CORP. OF AMERICA et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-754-RGJ-RSE 12/10 |
| PREMIER HEALTHCARE MGMT. LLC et al | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    12/10/2019   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:    12/10/2020

CLERK OF COURT    **VANESSA L. ARMSTRONG**

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 3:18-cv-754-RGJ-RSE |
| PREMIER HEALTHCARE MANAGEMENT, LLC, *et al.* | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF PARTIAL JUDGMENT

This matter is before the Court on the Motion for Entry of seven Agreed Orders of Judgment ("Agreed Orders") by Plaintiffs Pharmacy Corporation of America d/b/a PharMerica and PharMerica Drug Systems, LLC d/b/a PharMerica (collectively "PharMerica" or "Plaintiffs"). The Court having considered the motion, the terms of the September 2017 Forbearance and Settlement Agreements (the "Settlement Agreements") agreed to by Plaintiffs and Defendants,[1] the respective Agreed Orders, and being duly and sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Gardenview shall pay to PharMerica the amount of $116,099.68, jointly and severally, plus interest through November

---

[1] Champaign Urbana Nursing and Rehab, LP ("Champaign"), Courtyard Healthcare Center, LLC d/b/a Courtyard Healthcare Center ("Courtyard"), Gardenview Manor, LLC d/b/a Gardenview Manor ("Gardenview"), Gilman Healthcare Center, LLC d/b/a Gilman Healthcare Center ("Gilman"), Norridge Gardens, LLC d/b/a Norridge Gardens ("Norridge"), Pershing Gardens Healthcare Center, LLC d/b/a Pershing Gardens Healthcare Center ("Pershing"), and Winfield Woods, LLC d/b/a Winfield Woods Healthcare Center ("Winfield") (collectively "Facility Operators"), and Premier Healthcare Management, LLC ("Premier") (Facility Operators and Premier are collectively referred to as "Defendants").

26, 2019, totaling $32,005.34, and continuing at the rate of $57.25 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Pershing shall pay to PharMerica the amount of $54,043.49, jointly and severally, plus interest through November 26, 2019, totaling $14,898.23, and continuing at the rate of $26.65 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Courtyard shall pay to PharMerica the amount of $143,972.68, jointly and severally, plus interest through November 26, 2019, totaling $39,689.13, and continuing at the rate of $71.00 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Champaign shall pay to PharMerica the amount of $230,481.01, jointly and severally, plus interest through November 26, 2019, totaling $63,536.99, and continuing at the rate of $113.66 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Winfield shall pay to PharMerica the amount of $107,193.44, jointly and severally, plus interest through November 26, 2019, totaling $29,550.15, and continuing at the rate of $52.86 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Norridge shall pay to PharMerica the amount of $337,148.66, jointly and severally, plus interest through November 26, 2019, totaling $92,942.19, and continuing at the rate of $166.27 per day from November 27, 2019, until paid in full.

IT IS HEREBY ORDERED AND ADJUDGED that Premier and Gilman shall pay to PharMerica the amount of $83,604.92, jointly and severally, plus interest through November 26, 2019, totaling $23,047.47, and continuing at the rate of $41.23 per day from November 27, 2019, until paid in full.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that PharMerica shall be entitled to post-judgment interest at the rate of 18% per annum as specified in Section 5.06 of the Settlement Agreements and in the Agreed Judgments. *See Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 Fed. Appx. 246, 259-60 (6th Cir. 2012) (noting that parties may contract around the federal post-judgment interest rate (28 U.S.C.A. § 1961(a)) through language expressing an intent that a particular interest rate apply to judgments or judgment debts that is clear, unambiguous, and unequivocal).

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that PharMerica shall be entitled to all reasonable costs and expenses of collection or enforcement of this Judgment, including but not limited to, reasonable attorneys' fees and court costs in any action or proceeding, including but not limited to enforcing the Settlement Agreements and executing upon the Judgment. It further includes, but is not limited to, reasonable fees and disbursements of attorneys incurred before such action or proceeding is commenced, and before, during, and after any trial, arbitration, or mediation; and on any appeal, whether the action or proceeding is at law, in equity, or in any bankruptcy case or proceeding. However, because of the time sensitive nature of the entry of this Order and the prejudicial nature of further delay caused by such a motion for attorneys' fees and costs, PharMerica reserves its right to file its attorneys' fees motion pursuant to Fed. R. Civ. P. 54(d) within fourteen (14) days of the conclusion of the entire litigation.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED this order as final and appealable under Fed. R. Civ. P. 54(b), which is necessary after considering the needs of the parties and the interests of efficient case management. Rule 54(b) "permits immediate review of certain distinct court orders prior to the ultimate disposition of a case[,]" thus relaxing the general rule that only final judgments are appealable. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citations omitted). The Rule 54(b) certification mechanism "is specifically designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Id.* (internal quotation marks omitted) (citation omitted). The Court's "certification is comprised of two components: entry of final judgment as to one or more but fewer than all of the claims or parties; and determination that there is no just reason for delay." *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016) (citation omitted); *see also Pharmacy Corp. of Am. v. Concord Healthcare Grp., LLC*, No. 3:17-CV-00037-GNS, Order Partial J., DN 24 (entering final judgment as to one or more but fewer than all of the claims or parties as well as determining no just reason for delay).

As to the first component, this order results in entry of partial final judgment upon claims distinct from the remaining unresolved claims. The amounts Defendants owe PharMerica for pharmacy goods and services provided through and including May 31, 2017 (the "Old Balance") as a result of breaching the Settlement Agreements are resolved. PharMerica's remaining claims against Defendants for not paying PharMerica for pharmacy goods and services invoiced after May 31, 2017 under the parties' Pharmacy Services Agreements and Settlement Agreements are subject to further litigation, and Defendants can still raise defenses against payment of such invoices. In other words, PharMerica's remaining claims against Defendants are based on different "operative facts." *See Gavitt*, 835 F.3d at 638 (citation omitted).

The second component requires the Court "to consider the interests of judicial administration as well as the equities of the parties." *Id.* at 639. While "no precise test exists for determining whether there is a just reason for delay," the Sixth Circuit has outlined some non-exhaustive factors for district courts to consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030 (internal quotation marks omitted) (internal citation omitted) (citations omitted).

First, as explained above, the adjudicated and unadjudicated claims are unrelated. The adjudicated claims concern a liquidated debt owed by virtue of the Settlement Agreements; the unadjudicated claims concern an unliquidated amount owed for pharmacy goods and services provided at a different time frame, pursuant to the parties' Pharmacy Services Agreements and a separate provision of the Settlement Agreement, and are subject to further litigation. Second, because the claims are unrelated, the possibility that need for review might be mooted by future developments in this Court is unlikely. Third, and likewise, a reviewing court will not likely be obliged to consider the same issue a second time. Fourth, there is no counterclaim that could result in set-off against the final judgment. Last, the unadjudicated claims will take time to litigate, and such undue delay could raise economic and solvency considerations in the collection of the adjudicated claims.[2]

---

[2] Indeed, the Court agreed that PharMerica's "concerns regarding financial viability and the corporate integrity of the individual Defendants" warranted expedited briefing to resolve the entry of the Agreed Judgments. *See* DN 22.

Thus, there being no just reason for delay, THIS ORDER IS FINAL AND APPEALABLE.

December 9, 2019

Rebecca Grady Jennings, District Judge
United States District Court

TENDERED BY:

/s/ Jennifer Metzger Stinnett
Jennifer Metzger Stinnett
Matthew Cory Williams
FULTZ MADDOX DICKENS, PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
jstinnett@fmdlegal.com
mwilliams@fmdlegal.com

*Counsel for Plaintiffs*